```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF THE NATIONAL
ORGANIZATION OF INDUSTRIAL TRADE
UNIONS INSURANCE TRUST FUND and
AMALGAMATED UNION, LOCAL NO. 1
affiliated with NOITU – IUJAT                              MEMORANDUM & ORDER

                       Plaintiff,                          10-cv-0155 (SLT) (CLP)

        - against -

A-1 PLASTIC BAGS, INCORPORATED,

                       Defendant.
----------------------------------------------------------X
```

**TOWNES, United States District Judge:**

On January 13, 2010, Plaintiffs Trustees of the National Trust Organization of Industrial Trade Unions Insurance Trust Fund, and Amalgamated Union Local 1 (collectively, "Plaintiffs") filed the instant action against Defendant A-1 Plastic Bags, Incorporated, ("Defendant") under §§ 502, 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145, and § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging that Defendant failed to submit timely contributions as required by the terms of a collective bargaining agreement. On March 10, 2010, after Defendant failed to appear or respond, Plaintiffs moved for entry of default and default judgment. The Clerk of Court entered a notation of default against Defendant on March 11, 2010, and, on January 5, 2012, this Court referred the motion for default judgment to Magistrate Judge Cheryl Pollak for a Report and Recommendation ("R&R").

Judge Pollak issued her R&R on February 29, 2012, recommending that this Court grant Plaintiff's motion for default judgment and award the following in damages: 1) $28,114.00 in delinquent contributions; 2) $513.63 in interest on the untimely paid contributions; 3) $5,725.53 in liquidated damages; and 4) $2,500.00 in attorney's fees and costs. However, Judge Pollak

recommended that this Court deny Plaintiffs' motion for injunctive relief. The R&R advised that any objections needed to be filed within fourteen days of receipt of the R&R.

Objections were due by March 19, 2012. To date, there are no objections to the R&R. A district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. *See* 28 U.S.C. § 636(b)(1); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989). The Court therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Judge Pollack's Report and Recommendation dated February 29, 2012 (Docket No. 14) is adopted in its entirety. Plaintiffs' motion for injunctive relief is denied. Plaintiffs' motion for a default judgment is granted. Damages are awarded as follows: 1) $28,114.00 in delinquent contributions; 2) $513.63 in interest on the unpaid contributions; 3) $5,725.53 in liquidated damages; and 4) $2,500.00 in costs and attorney's fees.

**SO ORDERED.**

                s/ SLT

               /SANDRA L. TOWNES
               United States District Judge

Dated: March 26, 2012
    Brooklyn, New York